acm/aem

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **SHERRY ARVIDSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | **Case No. 05-4025-JAR** |
| **WALLACE, SAUNDERS, AUSTIN,** ) | |
| **BROWN & ENOCHS, CHARTERED,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

Plaintiff Sherry Arvidson brings this action against defendant Wallace, Saunders, Austin, Brown & Enochs pursuant to the Family Medical Leave Act (FMLA)[1] and Kansas state common law. This action is before the Court on defendant's Motion to Dismiss (Doc. 16) plaintiff's FMLA claims, which are Counts I and II of plaintiff's Complaint. Defendant argues that this Court lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and that plaintiff has failed to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) because plaintiff does not qualify as an "eligible employee" as defined by the FMLA. For the reasons stated below, the Court will consider defendant's

---

[1] 29 U.S.C. §§ 2601–2654.

motion as a Motion for Summary Judgment under Fed. R. Civ. P. 56.  The Court will also provide the parties time to present additional materials to assist the Court in ruling on the summary judgment motion.

In order to state a claim under the FMLA, a plaintiff must allege that: (1) the defendant is an "employer" as defined by the Act; and (2) the plaintiff is an "eligible employee" as defined by the Act.[2]  The Act defines an "eligible employee" as an employee who has been employed "for at least 12 months by the employer with respect to whom leave is requested" and "for at least 1,250 hours of service with such employer during the previous 12-month period."[3]  The FMLA narrows the definition of an "eligible employee," however, by excluding any employee "who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by the employer within 75 miles of that worksite is less than 50."[4]

Plaintiff was employed by defendant in its Wichita office from December 18, 1999 until approximately February 27, 2003.  Defendant contends that during the period of plaintiff's employment, it employed less than 50 employees in its Wichita office.  Defendant further claims that its Wichita office is situated more than 75 miles from any other office of defendant.  Although plaintiff has alleged that she was an "eligible employee" under the FMLA, she has not specifically alleged that defendant employed 50 or more employees within 75 miles of the Wichita office.  In fact, she claims that it remains undetermined whether defendant employed the requisite 50 or more employees.

---

[2] *Schmitt v. Beverly Health & Rehab. Servs., Inc.*, 962 F. Supp. 1379, 1383 (D. Kan. 1997).

[3] 29 U.S.C. § 2611(2)(A).

[4] § 2611(2)(B)(ii).

In this case, the Court's subject matter jurisdiction over Counts I and II is dependent upon the application of the FMLA and, therefore, upon plaintiff's status as an "eligible employee."[5]  Likewise, the Act provides the substantive basis for Counts I and II, which allege a violation of the FMLA itself and retaliation for the exercise of FMLA rights.[6]

In *Wheeler v. Hurdman*,[7] the Tenth Circuit noted that when a court's subject matter jurisdiction is dependent on the same statute that provides the substantive claim, the jurisdictional claims and the merits of a case are intertwined.[8]  The court held that when such an intertwining occurs, the issues should be resolved, not under Fed. R. Civ. P. 12(b)(1), but under either Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 56.[9]  In *Wheeler*, the court held that the plaintiff's status as an "employee" under federal discrimination statutes was "both a jurisdictional question and an aspect of the substantive claim in her discrimination action."[10]

However, the Tenth Circuit has not addressed whether a plaintiff's status as an "eligible employee" under the FMLA is also both a jurisdictional issue and an element of the underlying cause of

---

[5] Because the parties in this case are not diverse, plaintiff must assert federal jurisdiction under 28 U.S.C. § 1331, or federal question jurisdiction.

[6] If plaintiff is an "eligible employee," she would be entitled to the benefits of the FMLA including section 2612 which provides that "[s]ubject to section 2613 of this title, an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for [enumerated reasons]." 29 U.S.C. § 2612(a)(1).

[7] 825 F.2d 257 (10th Cir. 1987).

[8] *Id.* at 259 (citing *Clark v. Tarrant County*, 798 F.2d 736, 742 (5th Cir. 1986)); *see also Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 978 (10th Cir. 2002) (concluding that the jurisdictional claims and merits were intertwined where the issue was the defendant's status as an "employer" under the ADA).

[9] *Id.* (citing *Timberlane v. Bank of Am.*, 749 F.2d 1378 (9th Cir. 1984)).

[10] *Id.*

3

action. This issue was addressed by the Eleventh Circuit, in *Morrison v. Amway Corp.*[11] The court in that case determined that a defendant's motion to dismiss, which was based on the plaintiff's purported failure to allege "eligible employee" status under the FMLA, was improperly dismissed by the district court under Fed. R. Civ. P. 12(b)(1).[12] Instead, the court held that defendant's motion to dismiss should have been converted into one for summary judgment under Fed. R. Civ. P. 56.[13] The Eleventh Circuit characterized plaintiff's "eligible employee" status under the FMLA as a "threshold jurisdictional question . . . that also appears to be a prima facie element for recovery in a civil action."[14] The court concluded that the proper course of action was to find that jurisdiction existed and to deal with defendant's objection as an attack on the merits.[15]

Following the rationale of *Wheeler v. Hurdman* and *Morrison v. Amway Corp.*, this Court concludes that plaintiff's "eligible employee" status under the FMLA is both a jurisdictional issue and an element of plaintiff's FMLA claims. As a result, the issue of whether plaintiff qualified as an "eligible employee" under the FMLA must be resolved under either Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 56, and Counts I and II may not now be dismissed for lack of subject matter jurisdiction.

Defendant has attached two exhibits to its Reply to Plaintiff's Response (Doc. 34): (1) Exhibit A is a copy of the relevant portions of defendant's personnel manual; and (2) Exhibit B is the Affidavit

---

[11] 323 F.3d 920 (11th Cir. 2003).

[12] *Id.* at 930.

[13] *Id.*

[14] *Id.* at 927.

[15] *Id.* at 925.

of Donna M. Metcalf.  As a general rule, if a motion to dismiss for failure to state a claim presents matters outside the pleadings which are "not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."[16]  Considering matters outside the pleadings on a motion to dismiss without converting the motion into one for summary judgment may be grounds for reversal unless dismissal would be justified anyway based on the complaint alone.[17]  Nevertheless, if a plaintiff refers to a document in her complaint, and the document is central to the plaintiff's claim, the defendant may submit an authentic copy to the court for its consideration on a motion to dismiss.[18]

In her Complaint, plaintiff claims that defendant "is an employer within the meaning of the FMLA pursuant to the provisions of defendant's personnel manual."  Not only did plaintiff refer to defendant's personnel manual in her Complaint, but the provisions in the manual related to FMLA benefits apparently form the basis for her claims in Counts I and II.  These provisions are therefore central to her claims.  As such, this Court could properly consider Exhibit A in deciding defendant's 12(b)(6) motion without converting defendant's motion into one for summary judgment.  However, the same logic does not apply to Exhibit B, as Donna Metcalf's affidavit was not referred to in plaintiff's Complaint and is in no way central to her FMLA claims.

In *Wheeler*, the Tenth Circuit held that defendant's motion to dismiss, for both lack of subject

---

[16] Fed. R. Civ. P. 12(b).

[17] *GFF Corp. v. Assoc. Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[18] *Id.*

5

matter jurisdiction and failure to state a claim upon which relief may be granted, was properly converted into a motion for summary judgment where the parties had submitted additional evidence beyond the pleadings.[19]  Because defendant has submitted, in the form of exhibits to its Reply to Plaintiff's Response, material outside the pleadings, and at least one of the exhibits is not central to plaintiff's claims, the Court converts defendant's motion to dismiss to a motion for summary judgment under Fed. R. Civ. P. 56.  The Court recognizes that the parties in this case should be given notice of the Court's intent to convert a motion to dismiss into one for summary judgment.[20]  The Court therefore grants defendant twenty (20) days to submit any additional materials to support its motion for summary judgment and plaintiff twenty (20) days to respond to defendant's motion for summary judgment.

IT IS THEREFORE ORDERED BY THE COURT that defendant may submit additional materials to support its motion for summary judgment on or before November 2, 2005, and plaintiff may respond to defendant's motion for summary judgment on or before November 22, 2005.

IT IS SO ORDERED.

Dated this 12th  day of October 2005.

   S/ Julie A. Robinson
Julie A. Robinson
United States District Judge

---

[19] *Wheeler v. Hurdman*, 825 F.2d 257, 259 (10th Cir. 1987).

[20] *See Ohio v. Peterson, Lowry, Rall, Barber & Ross*, 585 F.2d 454, 456 (10th Cir. 1978).

7