IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SHERRY ARVIDSON,                          )
                                          )
                    Plaintiff,            )
                                          )
v.                                        )          Case No. 05-4025-JAR
                                          )
WALLACE, SAUNDERS, AUSTIN,                )
BROWN AND ENOCHS, CHTD.,                  )
                                          )
                    Defendant.            )

## AMENDED SCHEDULING ORDER

This matter comes before the court upon defendant's motion to strike plaintiff's designation of a
retained expert (Doc. 39) and plaintiff's motion to modify schedule (Doc. 42) incorporated into her
response to defendant's motion to strike (Doc. 41).   Defendant has not filed any reply to plaintiff's
response and has not filed any response to plaintiff's motion to modify schedule, and the time to do so has
now expired.[1]  The court is informed by plaintiff's motion to modify that defendant does not oppose her
request for a 60-day extension of the remaining discovery deadlines.  The court has contacted defendant's
counsel and verified that, while it does not oppose plaintiff's request for an extension, it does continue to
oppose plaintiff's use of her expert witness.

Defendant seeks an order striking plaintiff's designation of her retained witness, Dr. Schulman, on
the basis that plaintiff failed to provide complete information, as required by Fed. R. Civ. P. 26(a)(2), by

---

[1] *See* D. Kan. Rule 6.1(d)(1) ("Responses to nondispositive motions. . . shall be filed and served
within 14 days.").  Plaintiff's response and incorporated motion were filed on October 28, 2005, so any
reply and response thereto needed to be filed by November 14, 2005.

the deadline established for expert witness disclosures.[2]  Specifically, defendants  contend that plaintiff did

not provide a report of Dr. Schulman until ten days after that expiration of her expert disclosure deadline

and then failed to provide a signed copy of the report as required by the rule.

In her response, plaintiff admits the factual contentions of defendant, but plaintiff's counsel offers

that the press of business and temporary lack of support staff required a delay in providing the complete

expert information to defendant.  Plaintiff's counsel reports that she has now made complete disclosure to

defendant, and defendant's counsel has verified to the court that it now believes plaintiff has provided

information in substantial compliance with Fed. R. Civ. P. 26(a)(2).

Also in plaintiff's response, Plaintiff's counsel admits that his failure to file a motion seeking an

appropriate extension of time prior to the expiration of the disclosure deadline was a "wrong and

inappropriate" attempt at a "short cut."[3]  An observation with which the court agrees.  Plaintiff then goes

on to suggest a need by the parties for a 60-day extension of the remaining discovery deadlines,

incorporates a motion for such an extension into her response, and offers that any prejudice to defendant

from plaintiff's late expert disclosure can be cured as part of such an extension.

The court does not find that the explanation proffered by plaintiff meets the standard of excusable

neglect for a retroactive extension of plaintiff's expert disclosure deadline.  Nevertheless, the court is

mindful that plaintiff's counsel takes responsibility for the failure to make proper disclosure, and the court

is reluctant to prejudice plaintiff's ability to present her case due to a failure of diligence on the part of her

---

[2] *See* the court's order granting plaintiff's motion for extension of time to designate expert witness (Doc. 26), at p. 2.

[3] Plaintiff's answer to defendant's motion to strike and motion to modify schedule (Doc. 41), at p. 2.

counsel.  The court would not hesitate to do so in a situation where its only choice was to allocate prejudice from one party to another; however, in this instance, the courts finds that it can alleviate any potential prejudice to defendant through an extension of the deadlines for a Fed. R. Civ. P. 35-examination of plaintiff and defendant's expert disclosures.  Therefore, in the interests of justice, the court hereby denies defendant's motion to strike (Doc. 39) and grants plaintiff's motion for a 60-day extension of remaining discovery deadlines (Doc. 42), including a retroactive extension of defendant's deadlines for conducting a Fed. R. Civ. P. 35-examination of plaintiff and providing its expert disclosures.

Accordingly, the court now enters this amended scheduling order, summarized in the table that follows:

| SUMMARY OF DEADLINES AND SETTINGS | |
|---|---|
| Event | Deadline/Setting |
| All discovery completed | January 20, 2006 |
| Experts disclosed by defendant | January 6, 2006 |
| Independent medical examinations | December 23, 2005 |
| Supplementation of disclosures | December 12, 2005 |
| All potentially dispositive motions (e.g., summary judgment) | February 24, 2006 |
| Motions challenging admissibility of expert testimony | August 22, 2006 |
| Final pretrial conference | February 10, 2006, at 9:30 a.m. |
| Proposed pretrial order due | February 3, 2006 |
| Trial | September 19, 2006, 9:00 a.m. |

1.      **Discovery.**

a.      All discovery shall be commenced or served in time to be completed by **January 20, 2006**.

b.      The parties intend to serve disclosures and discovery electronically, as permitted by D. Kan. Rules 5.4.2 and 26.3.

c.      No party shall serve more than **25** interrogatories, including all discrete subparts, to any other party.

d.      There shall be no more than **10** depositions by plaintiff and **10** by defendant.

e.      Each deposition shall be limited to **4** hours, except for the deposition(s) of plaintiff and defendant's decision-makers, which shall be limited to **8** hours.  All depositions shall be governed by the written guidelines that are available on the court's Internet website,

*(http://www.ksd.uscourts.gov/attorney/depoguidelines.pdf).*

f.      Disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from retained experts, shall be served by defendant by **January 6, 2006**.  The parties have stipulated that rebuttal experts will not be permitted in this case.  The parties shall serve any objections to such disclosures (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law), within 11 days after service of the disclosures upon them.  These objections should be confined to technical objections related to the sufficiency of the written expert disclosures (e.g., whether all of the information required by Rule 26(a)(2) has been provided, such as lists of prior testimony and publications).  These objections need not extend to the admissibility of the expert's proposed testimony.  If such technical objections are served,

counsel shall confer or make a reasonable effort to confer consistent with requirements of D. Kan. Rule 37.2 before filing any motion based on those objections.  As noted below, any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is extended for good cause shown; otherwise, the objection to the default, response, answer, or objection shall be deemed waived.  *See* D. Kan. Rule 37.1(b).

g.      The parties agree that physical or mental examinations pursuant to Fed. R. Civ. P. 35 are appropriate in this case and shall complete all such examinations by **December 23, 2005**.  If the parties disagree about the scope of such an examination, a formal motion shall be filed sufficiently in advance of this deadline in order to allow the motion to be fully briefed by the parties and decided by the court before the examination deadline.

h.      Supplementations of disclosures under Fed. R. Civ. P. 26(e) shall be served  at such times and under such circumstances as required by that rule. In addition, such supplemental disclosures shall be served by **December 12, 2005**, 40 days before the deadline for completion of all discovery.  The supplemental disclosures served 40 days before the deadline for completion of all discovery must identify the universe of all witnesses and exhibits that probably or even might be used at trial.  The rationale for the mandatory supplemental disclosures 40 days before the discovery cutoff is to put opposing counsel in a realistic position to make strategic, tactical, and economic judgments about whether to take a particular deposition (or pursue follow-up "written" discovery) concerning a witness or exhibit disclosed by another party before the time allowed for discovery expires.  Counsel should bear in mind that seldom should anything be included in the final Rule 26(a)(3) disclosures, which as explained below usually are filed 21

days before trial, that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule 26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at trial. *See* Fed. R. Civ. P. 37(c)(1).

i.      At the final pretrial conference after the close of discovery, the court will set a deadline, usually 21 days prior to the trial date, for the parties to file their final disclosures pursuant to Fed. R. Civ. P. 26(a)(3)(A), (B) & (C). As indicated above, if a witness or exhibit appears on a final Rule 26(a)(3) disclosure that has not previously been included in a Rule 26(a)(1) disclosure (or a timely supplement thereto), that witness or exhibit probably will be excluded at trial. *See* Fed. R. Civ. P. 37(c)(1).

j.      The parties agree that there is not a need for discovery in this case to be governed by a protective order.

k.      To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a). Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports. *See* D. Kan. Rule 26.4(b).

**2.      Motions.**

a.      All potentially dispositive motions (e.g., motions for summary judgment) shall be filed by **February 24, 2006**.

b.      All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, shall be filed no later than **August 22, 2006**. However, if such

a motion as a practical matter will be case-dispositive, or if an evidentiary hearing on the motion is reasonably anticipated, then such a motion shall be filed in accordance with the dispositive motion deadline stated above.

      c.     Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 shall be filed and served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is extended for good cause shown. Otherwise, the objection to the default, response, answer, or objection shall be waived. *See* D. Kan. Rule 37.1(b).

**3.     Other Matters.**

      a.     The parties agree that principles of comparative fault do not apply to this case.

      b.     Pursuant to Fed. R. Civ. P. 16(d), a final pretrial conference is scheduled for **February 10, 2006, at 9:30 a.m.**, in the U.S. Courthouse, Room 470, 444 SE Quincy, Topeka, Kansas.  Unless otherwise notified, the undersigned magistrate judge will conduct the conference.  No later than **February 3, 2006**, defendant shall submit the parties' proposed pretrial order (formatted in WordPerfect 9.0, or earlier version) as an attachment to an Internet e-mail sent to *ksd_sebelius_chambers@ksd.uscourts.gov*. The proposed pretrial order shall not be filed with the Clerk's Office.  It shall be in the form available on the court's website (*www.ksd.uscourts.gov*), and the parties shall affix their signatures according to the procedures governing multiple signatures set forth in paragraphs II(C)(2)(a) & (b) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases*.

c.      The parties expect the trial of this case to take approximately **5** trial days.  This case is set for trial on the court's docket beginning on **September 19, 2006, at 9:00 a.m.**  Unless otherwise ordered, this is not a "special" or "No. 1" trial setting.  Therefore, during the month preceding the trial docket setting, counsel should stay in contact with the trial judge's courtroom deputy to determine the day of the docket on which trial of the case actually will begin.  The trial setting may be changed only by order of the judge presiding over the trial.

d.      The arguments and authorities section of briefs or memoranda submitted shall not exceed 30 pages, absent an order of the court.

All applicable deadlines, settings, and specifications contained in any prior order entered in this case shall remain in effect except to the extent specifically addressed herein. This amended scheduling order shall not be modified except by leave of court upon a showing of good cause.

IT IS SO ORDERED.

Dated this 23rd day of November, 2005, at Topeka, Kansas.

s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge