acm

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHERRY ARVIDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 05-4025-JAR |
| WALLACE, SAUNDERS, AUSTIN, | ) |
| BROWN & ENOCHS, CHARTERED, | ) |
| | ) |
| Defendant. | ) |
| | ) |

### MEMORANDUM AND ORDER DENYING
### DEFENDANT'S MOTION TO DISMISS WHICH WAS CONVERTED
### TO A MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on defendant, Wallace, Saunders, Austin, Brown & Enochs', Motion to Dismiss (Doc. 16), which was converted to a Motion for Summary Judgment pursuant to the Court's Order (Doc. 38). The parties filed supplemental memoranda in support and in opposition of summary judgment. The Court has considered the arguments set forth in the parties' briefs along with the record submitted and is now prepared to rule. As described more fully herein, the Court **DENIES** defendant's motion.

### I.   Uncontroverted Facts

The following facts are derived from the summary judgment record and are either uncontroverted, stipulated to, or viewed in the light most favorable to plaintiff. Plaintiff was employed by defendant in its Wichita, Kansas office from December 18, 1999 until she was

terminated on February 27, 2003.  While defendant contends that the number of employees at its Wichita office fluctuated during plaintiff's employment, defendant maintains that it employed fewer than 50 employees at the time of plaintiff's termination.  Defendant has three offices, located in Overland Park, Kansas, Wichita, Kansas, and St. Louis, Missouri.  Defendant's Wichita office is located more than 75 miles from either its Overland Park or St. Louis offices.  Plaintiff received and read a copy of defendant's employee manual.  The manual incorporates language from the Family Medical Leave Act (FMLA), including the definition section, which specifically addresses the requirements and exclusions of an "eligible employee" under the Act.  Plaintiff has admitted her conduct would have remained the same had she not been covered by the FMLA.[1]

On February 25, 2005, plaintiff filed a complaint alleging violations of the FMLA and other state law causes of action against defendant.  Plaintiff alleges that she is an "eligible employee" entitled to relief under the FMLA.  Defendant filed a Motion to Dismiss,[2] alleging that plaintiff was not an "eligible employee," and the Court converted defendant's motion into a Motion for Summary Judgment for determination of whether plaintiff is, in fact, an "eligible employee" under the FMLA.[3]

## II.     Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

---

[1] (Doc. 44-1, Ex. D at 9-10.)

[2] (Doc. 16.)

[3] (Doc. 38.)

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[4]  A fact is only material under this standard if a dispute over it would effect the outcome of the suit.[5]  An issue is only genuine if it "is such that a reasonable jury could return a verdict for the nonmoving party."[6]  The inquiry essentially determines if there is a need for trial, or whether the evidence "is so one-sided that one party must prevail as a matter of law."[7]

The moving party bears the initial burden of providing the court with the basis for the motion and identifying those portions of the record that show the absence of a genuine issue of material fact.[8]  "A movant that will not bear the burden of persuasion at trial need not negate the nonmovant's claim."[9]  The burden may be met by showing that there is no evidence to support the nonmoving party's case.[10]  If this initial burden is met, the nonmovant must then "go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[11]  When examining the underlying facts of the case, the Court is cognizant that it may not make credibility determinations or weigh the evidence.[12]

---

[4] Fed. R. Civ. P. 56(c).

[5] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[6] *Id.*

[7] *Id.* at 251-52.

[8] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[9] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp.*, 477 U.S. at 325).

[10] *Id.*

[11] *Id.*

[12] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

**III.     Discussion**

The FMLA entitles employees "to take reasonable leave for medical reasons . . . in a manner that accommodates the legitimate interests of employers."[13] The statute affords an employee a total of twelve weeks of leave due to "a serious health condition that makes the employee unable to perform the functions of the position of such employee."[14] To protect these rights under the FMLA, the statute makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter."[15] Plaintiff alleges that defendant violated the FMLA by interfering with her right to take leave under the statute and by retaliating against her exercise of these rights.

Plaintiff further asserts that she is entitled to FMLA leave because she is an "eligible employee" within the definition of the FMLA. Plaintiff bears the burden of proving that she is an "eligible employee."[16] A person is not an "eligible employee" if he or she is "employed at a worksite at which [his or her] employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50."[17] Along with its Wichita office, defendant has offices in Overland Park, Kansas, and St. Louis, Missouri, that are over 75 miles away from the Wichita office where plaintiff was employed. Therefore, the only issue for the Court to determine is whether defendant employed the requisite 50

---

[13] 29 U.S.C. §§ 2601(b)(2)-(3).

[14] 29 U.S.C. § 2612(a)(1)(D).

[15] 29 U.S.C. § 2615(a)(1).

[16] *Goodwin-Haulmark v. Menninger Clinic, Inc.*, 76 F. Supp. 2d 1235, 1241 (D. Kan. 1999).

[17] 29 U.S.C. § 2611(2)(B)(ii).

employees at the Wichita office such that plaintiff was covered by the FMLA and entitled to leave under this statute.[18]

Whether 50 employees are employed within the 75 mile radius used to determine employee eligibility is measured by the date the employee asks for the leave.[19]  This determination is made "based on the number of employees maintained on the payroll."[20]  "The purpose of this rule, as evident from the language of the regulation, is to fix the date for determination of an employee's eligibility for FMLA benefits, and to protect employees who qualify for leave when the request is made from losing eligibility if there is a reduction in the workforce thereafter."[21]  In this case, the time when plaintiff first gave notice of the need for leave is not in dispute.  Plaintiff first requested leave in August 2001 when she began experiencing severe migraine headaches.  On September 4, 2001, plaintiff was injured in an automobile accident, and she was required to leave work for four weeks.  From September 2001 until her employment was terminated on February 27, 2003, plaintiff alleges that she suffered from ongoing medical problems due to her automobile accident.  Plaintiff claims that she made defendant aware of her medical situation and her need for time off work to care for her serious medical condition.

---

[18] In support of her argument that the FMLA applies to her case, plaintiff also argues that defendants are equitably estopped from denying her coverage under the the FMLA.  Because the Court determines that there is a genuine issue as to whether defendant employed more than 50 people in its Wichita office to entitle plaintiff to coverage under the FMLA, the Court need not address this equitable estoppel argument.

[19] 29 C.F.R. § 825.110(f); *see also Moreau v. Air France*, 356 F.3d 942, 953 n.7 (9th Cir. 2004); *Bliss v. Jennifer Convertibles, Inc.*, No. 01 C 8661, 2003 WL 22239655, at *14 (N.D. Ill. Sept. 29, 2003); *Gazda v. Pioneer Chlor Alkali Co.*, 10 F. Supp. 2d 656, 674 (S.D. Tex. 1997).

[20] 29 C.F.R. § 825.111(c); *see also Missak v. Lakeland Eng'g Equip. Co.*, No. 8:04CV567, 2005 WL 2764825, at *3 (D. Neb. Oct. 25, 2005); *Bliss*, 2003 WL 22239655, at *14.

[21] *Grimsley v. Fiesta Salons, Inc.*, No. 01-10376-BC, 2003 WL 117985, at *5 (E.D. Mich. Jan. 07, 2003) (citing 29 C.F.R. § 825.110(f)).

Defendant has produced a comprehensive list of all its employees who worked in its Wichita office starting in August 2001, when plaintiff first requested leave, and ending in February 2003, when plaintiff was terminated.[22] The list is derived from defendant's 401K records, which lists each individual on the payroll during a month whether eligible for enrollment in the plan or not, according to the affidavit of Julie Cramm, Human Resources Director for defendant.[23] According to defendant's list, defendant employed 50 employees at the end of August 2001 and 51 employees at the end of September 2001. The number of employees remained at or above 50 until February 2002, when the number of employees dropped to 48. Between February 2002 and February 2003, when plaintiff was terminated, defendant employed less than 50 people at its Wichita office.

Because the determination of whether 50 employees are employed within 75 miles to ascertain an employee's eligibility for FMLA benefits is determined when the employee gives notice for leave,[24] the Court must look to plaintiff's first request in August 2001. At that time, defendant employed 50 people. Plaintiff again requested leave in September 2001 for injuries sustained in a car accident. In September 2001, defendant had 52 employees.

In its reply, defendant attempts to use the statute of limitations as a sword to defeat plaintiff's claims. Plaintiff is afforded a two-year period to file her FMLA claim after the alleged violation occurred.[25] The time is extended to three years if plaintiff can show a willful

---

[22](Doc. 61, Ex. A at 5-6.)

[23](Doc. 61, Ex. A at 2-3.) Julie Cramm states that payroll records could not be directly accessed because of a corruption in the database. (*Id.* at 1.)

[24]29 C.F.R. § 825.110(f).

[25]29 U.S.C. § 2617(c)(1).

violation.[26] Plaintiff filed her Complaint on February 25, 2005. Therefore, defendant argues that plaintiff can only seek relief for violations that occurred in the two or three years preceding the date she filed her Complaint. Because defendant has employed less than fifty people since February 2002, defendant argues that plaintiff cannot bring her FMLA claim when she was not an "eligible employee" under the statute.

      Defendant's reliance on the statute of limitation is misplaced because once an employee is determined to be eligible, "the employee's eligibility is not affected by any subsequent change in the number of employees employed at or within 75 miles of the employee's worksite . . . ."[27] When plaintiff requested leave for her headaches in August 2001 and again for injuries sustained in a car accident in September 2001, defendant employed more than fifty people at its Wichita office. Without any additional facts before the Court regarding her request for leave, there is a genuine issue of material fact as to whether plaintiff was an "eligible employee" at the time she requested leave in August and September 2001. Further, because plaintiff alleges that she made additional requests for leave relating to her injuries from the car accident after September 2001 and until the time her employment was terminated, there is a genuine issue of fact as to whether plaintiff continued to be an "eligible employee" under the FMLA when her status as an "eligible employee" should not have changed once she was determined eligible. Because there is a genuine issue of material fact as to whether plaintiff was an "eligible employee" entitled to

---

[26] 29 U.S.C. § 2617(c)(2).

[27] 29 C.F.R. § 825.110(f); *see also Fisher v. Rizzo Bros. Painting Contractors, Inc.*, 403 F. Supp. 2d 593, 598 (E.D. Ky. 2005) ("[A]n employee's eligibility is not affected by subsequent change in the number of employees at the employer's worksite.") (citing 29 C.F.R. § 825.110(f)); *Barron v. Runyon*, 11 F. Supp. 2d 676, 682 (E.D. Va. 1998) ("In other words, the regulation provides that if an employer is covered by the Act on the date an employee takes his first absence as part of a period of intermittent leave, that employer will continue to be covered with respect to that employee throughout the leave period even though the employer would not be covered if the existence of such coverage were determined for the first time at some later point during the intermittent leave.")

FMLA leave, the Court must deny defendant's motion.

Defendant also points the Court to the fact that several of the employees named on defendant's submitted list are partners. Julie Cramm's affidavit states that the list "identifies any individual who has been employed or has been a partner located in the Wichita office."[28] Defendants correctly argue that partners are not considered employees under the FMLA.[29] But the Court is perplexed by defendant's failure to indicate which people on the list should not be included as employees because of their status as a partner in defendant's firm. Earlier in this case, defendant submitted an affidavit by Donna Metcalf, the Office Administrator, in which she states that defendant's office was staffed by seven partners from August 2, 2001 to the present.[30] However, Julie Cramm's affidavit states:

> "When determining the number of employees in Wichita to provide the information upon which Donna [Metcalf] relied in providing an affidavit that not more than 39 individuals had been employed and no more than seven partners were located in Wichita since August 2, 2001, a listing of employees was referenced that was believed to be complete. Additional investigation has since revealed error in that document."[31]

While defendant contends that seven partners were working in its Wichita office from August 2001 until February 2003, bringing the number of employees below the requisite number of 50

---

[28](Doc. 61, Ex. A at 3.)

[29]*Wheeler v. Hurdman*, 825 F.2d 257, 277 (10th Cir. 1987) (concluding that "bona fide general partners" are not "employees" under the Fair Labor Standards Act (FLSA)). The FMLA relies on the definition of employee in the FLSA. 29 U.S.C. § 2611(3). Therefore, *Wheeler*'s exclusion of partners from the definition of "employees" for the FLSA would also apply to the FMLA. Additionally, the Chief Judge of this Court has concluded that directors and shareholders of a professional corporation were not "employees" under Title VII. *Saxon v. Thompson Orthodontics*, 71 F. Supp. 2d 1085, 1090 (D. Kan. 1999) (Lungstrum, C.J.). Because the Tenth Circuit stated in *Wheeler* that the statutory definition of employee under Title VII, the ADEA, and the FLSA are "virtually identical, and circular in its description," directors and shareholders would likely not qualify as "employees" under the FLSA or FLMA either. *Wheeler*, 825 F.2d at 263.

[30](Doc. 44, Ex. A at 2.)

[31](Doc. 61, Ex. A at 3.)

needed to trigger FMLA coverage, the Court cannot assume this fact when defendant provides no evidentiary support for such a fact and refers to the information contained in Donna Metcalf's affidavit as an error. Therefore, the Court assumes that all of the names on the list provided by defendant were "employees" under the FMLA, meaning that there is a genuine issue of material fact as to whether plaintiff was an "eligible employee" covered by the FMLA in the months that the number of defendant's employees exceeded 50 persons.

IT IS THEREFORE ORDERED BY THE COURT that defendant's Motion to Dismiss (Doc. 16), which was converted into a Motion for Summary Judgment by this Court is **DENIED**.

IT IS SO ORDERED.

Dated this  16th  day of February 2006.

 S/ Julie A. Robinson
Julie A. Robinson
United States District Judge